UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
|        - against -              : | **MEMORANDUM DECISION** |
| ANGEL FLORES, : | 97 Cr. 817 (DC) |
|            Defendant.    : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:      AUDREY STRAUSS, Esq.
                  United States Attorney for the
                  Southern District of New York
                         By:   Thane Rehn, Esq.
                               Assistant United States Attorney
                  One Saint Andrew's Plaza
                  New York, New York  10007

                  ANGEL FLORES
                  Defendant *Pro Se*
                  FCI Gilmore, B-2 Unit
                  P.O. Box 6000
                  Glenville, W.C. 26351

**CHIN, Circuit Judge:**

On August 24, 1999, defendant Angel Flores pled guilty to racketeering and conspiracy to murder. Presentence Investigation Report ("PSR") ¶ 36. On November 23, 1999, I sentenced him to a total term of imprisonment of 360 months. *Id.* Mr. Flores now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act (the "FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec.

21, 2018). Dkt. No. 611 ("Def. Mem. ").  He contends that the considerable health risk COVID-19 imposes on those imprisoned, his family circumstances and support, and his rehabilitation constitute "extraordinary and compelling" circumstances warranting compassionate release.  Def. Mem. at 3, Ex. D.  Mr. Flores further contends that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release.  Def. Mem. at 22.

For the reasons set out below, the motion is DENIED.

## BACKGROUND

**A.    Crimes, Conviction, and Sentencing**

In 1988, the Maisonet Organization began trafficking heroin; it continued to do so for years, distributing hundreds of kilograms.  PSR ¶ 148.  Group members murdered, conspired to murder, and attempted to murder to maintain the organization's foothold in the Bronx.  PSR ¶ 38.  As a member and occasional leader of the organization, Mr. Flores trafficked large quantities of heroin.  PSR ¶¶ 41, 108.  He also planned and executed at least two murders, killing a rival drug dealer and a confidential informant for the Drug Enforcement Agency.  PSR ¶¶ 54, 72.

On August 24, 1999, Mr. Flores pled guilty to racketeering and conspiracy to murder.  PSR ¶ 36.

I sentenced Mr. Flores on November 23, 1999.  I determined that the total offense level, with an enhancement for his leadership role in the Maisonet Organization,

was 47.  PSR ¶¶ 92, 104.  With a Criminal History Category of IV, the resulting guideline sentence would have been life imprisonment, but because the statutory maximum for his crimes was a total of 360 months, his guideline sentence became 360 months.  PSR ¶ 142.  I sentenced Mr. Flores to 360 months' imprisonment, followed by three years of supervised release.  Sent'g Tr. at 4.

B.      **Mr. Flores's Request for Compassionate Release**

Mr. Flores filed a request to the Warden at FCI Gilmer, where he is incarcerated, for compassionate release on April 1, 2021.  Def. Mem. at Ex. C.  The Warden denied the motion on April 12, 2021.  Dkt. No. 614 ("Gov't Opp'n") at 2.  On May 10, 2021, Mr. Flores filed a *pro se* motion for compassionate release.  The government opposed the motion by letter filed May 25, 2021.  Gov't Opp'n at 2.  Mr. Flores filed a reply on June 4, 2021.  Dkt. No. 615 ("Reply") at 1.

Mr. Flores, now 53 years old, has an expected release date of August 2, 2023.  Gov't Opp'n at 2.

## DISCUSSION

A.      **Applicable Law**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the FSA, a court may reduce a defendant's sentence on motion of the Director of the Bureau of Prisons (the "BOP") or the defendant himself. *See United States v. Gil*, No. 90 Cr. 306 (KMW), 2020 WL 2611872, at *1 (S.D.N.Y. May 22, 2020); *United States v. Patterson*, No. 17 Cr. 118-6

(KPR), 2020 WL 2571044, at *2 (S.D.N.Y. May 21, 2020).  A defendant must exhaust all administrative remedies within the BOP before moving for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  On a motion for compassionate release, the defendant bears the burden of demonstrating circumstances that warrant a sentence reduction.  *See Patterson*, 2020 WL 2571044, at *2.  A court may reduce a sentence if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that there are "extraordinary and compelling reasons [that] warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).

Courts were previously constrained by U.S. Sentencing Guidelines Manual § 1B1.13, but the Second Circuit has now held that courts have discretion to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  *United States v. Brooker*, 976 F.3d 228, 230, 237 (2d Cir. 2020); *see also United States v. Ciprian*, No. 11 Cr. 1032 (PAE), 2021 U.S. Dist. LEXIS 18698, at *5 (S.D.N.Y. Feb. 1, 2021) ("[T]the Court is not constrained by [. . .] Sec. 1B1.13's enumeration of extraordinary and compelling reasons").  Congress has only limited district courts' discretion in that rehabilitation alone cannot qualify as an extraordinary and compelling reason.  28 U.S.C. § 994(t).

If a defendant shows extraordinary and compelling reasons to warrant a sentence reduction, the court still must consider the applicable factors set forth in 18 U.S.C. § 3553(a).  *See United States v. Israel*, No. 05 CR 1039 (CM), 2019 WL 6702522, at *2

(S.D.N.Y. Dec. 9, 2019).  Factors the court may consider include the nature and circumstances of the offense; the history and character of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and provide the defendant with needed medical care; and avoidance of unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a).  If a court finds the sentence imposed was greater than necessary in light of these factors, a reduction may be granted.  *See* 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth").

**B.     Application**

As a threshold matter, the government concedes that Mr. Flores has exhausted his administrative remedies.  Gov't Opp'n at 2.

First, I consider whether Mr. Flores has demonstrated extraordinary and compelling reasons to make him eligible for a sentence reduction under section 3582(c)(1)(A).  I conclude that he has.  Second, I weigh the factors set forth in section 3553(a) to the extent they are applicable.  I conclude that the statutory factors weigh against granting the motion.

1. **Extraordinary and Compelling Reasons**

In determining whether a defendant has shown "extraordinary and compelling reasons" under section 3582(c)(1)(A), courts may consider isolated factors, like medical concerns given the COVID-19 pandemic, as but "one component of the overall analysis," the totality of which may constitute sufficiently extraordinary and compelling reasons to warrant a sentence reduction. *United States v. Vargas*, 502 F. Supp. 3d 820, 828 (S.D.N.Y. 2020) (holding that the extraordinary and compelling bar was met by the combination of the defendant's rehabilitation, his desire to care for his ill mother, his medical issues given COVID-19, and a particularly harsh sentence). I conclude that Mr. Flores has demonstrated extraordinary and compelling reasons sufficient to qualify him for a sentence reduction based on the combination of circumstances.

First, although Mr. Flores is a fully vaccinated 53-year-old with no underlying health conditions, COVID-19 still presents a substantial risk, particularly in light of the uncertainties presented by the Delta variant and breakthrough infections. Moreover, roughly 350 inmates at FCI Gilmer, where Mr. Flores is incarcerated, have tested positive for COVID-19, with at least one fatality and about 500 inmates remaining unvaccinated. *See* Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus (last visited July 1, 2021). The proliferation of COVID-19 cases at FCI Gilmore has resulted in conditions more punitive than one

otherwise would have expected. *See United States v. Rodriguez*, 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020) ("[T]he pandemic . . . has made [the defendant's] incarceration harsher and more punitive than would otherwise have been the case.").

Second, Mr. Flores's family circumstances warrant consideration. While incarcerated, he lost his mother. Def. Mem., Ex. D. His father is now 84 years old. *Id*. He also became a grandfather. *Id*. His friends and family members submitted several letters demonstrating their support and assured the Court that Mr. Flores would be employed and cared for upon his release. *Id*.

Third, Mr. Flores's rehabilitation efforts are noteworthy. *See Vargas*, 502 F. Supp. 3d at 829 ("There is ample precedent for courts to consider a defendant's rehabilitation as one of multiple factors warranting compassionate release, and . . . where the Defendant's rehabilitation appears to be dramatic, the Court would be remiss to ignore it entirely.") (collecting cases). In his 24 years of incarceration, Mr. Flores has incurred only three disciplinary infractions, with his last violent infraction occurring in 2008, and his last non-physical disciplinary infraction occurring over three years ago. *Id*. at 4. Mr. Flores has earned his GED and completed numerous educational and rehabilitative courses. *Id*. at 4, Ex. B. He has also maintained excellence in his work assignments. *Id*. at 3.

In light of this combination of circumstances, I find that Mr. Flores has demonstrated extraordinary and compelling reasons sufficient to make him eligible for compassionate release.

### 2. The 3553(a) Factors

In the end, however, I conclude that Mr. Flores's motion must be denied because the 3553(a) factors weigh against his release or a reduction in his sentence.

Mr. Flores was a leader of an organization that carried out murders and conspired or attempted to commit other murders and engaged in extensive drug trafficking. Mr. Flores was personally involved in two murders, including the fatal shooting of a person Mr. Flores knew to be a confidential informant. Because of the two murders, Mr. Flores's total offense level was 47. PSR ¶ 104. With his Criminal History Category of IV, Mr. Flores' Guidelines sentence would have been life imprisonment, but because of his plea agreement (which permitted Mr. Flores to plead guilty to counts carrying a total maximum sentence of 360 months) the maximum sentence I could impose was 360 months. PSR ¶¶ 82, 89, 104, 141-42. I had the discretion to downwardly depart, but I did not believe a downward departure was warranted. *See* Sentencing Tr. at 3-4, 6. Indeed, but for the limitation imposed by the plea agreement, I likely would have imposed a higher sentence.

Mr. Flores notes that I granted the motion for compassionate release of co-defendant Kerry Clark, and I observed that Mr. Clark had received a sentence that was

8

"exceedingly harsh." *United States v. Clark*, No. 97 CR. 817 (DC), 2021 WL 1066628, at *3 (S.D.N.Y. Mar. 18, 2021), The same cannot be said of Mr. Flores's sentence, as he carried out significant leadership duties in the Maisonet organization and was involved in violent criminal activity -- namely, two murders.

Because the section 3553(a) factors weigh heavily against sentence reduction, I conclude that compassionate release is not warranted.

## **CONCLUSION**

Mr. Flores's motion for compassionate release is hereby DENIED.

SO ORDERED.

Dated:   New York, New York
         August 19, 2021

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　DENNY CHIN
　　　　　　　　　　　　　　　　　　United States Circuit Judge
　　　　　　　　　　　　　　　　　　Sitting by Designation