UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

               - v-                            :          **MEMORANDUM DECISION**
                                             **AND ORDER**

ANGEL FLORES,                               :

                                             97-CR-817 (DC)

                 Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:          JAY CLAYTON
                      United States Attorney for the
                      Southern District of New York
                               By:    Jonathan L. Bodansky
                                      Assistant United States Attorney
                      One Saint Andrew's Plaza
                      New York, New York 10007

                      ANGEL FLORES
                      Defendant *Pro Se*
                      2825 Danforth Drive
                      Orlando, FL, 32818


CHIN, Circuit Judge:

         *Pro se* defendant Angel Flores moves for early termination of supervised

release pursuant to 18 U.S.C. § 3583(e)(1).  On August 24, 1999, Flores pled guilty to

racketeering in violation of 18 U.S.C. § 1962(c), and conspiracy to murder in violation of

18 U.S.C. § 1959(a)(5).  Presentence Investigation Report ("PSR") ¶ 36.  On November 23,

1999, I sentenced Flores to 360 months of imprisonment, followed by three years of

supervised release.  *Id.*  In August 2023, Flores was released and began his term of

supervised release.  Def. Mot. at 2.   Flores now moves, pursuant to 18 U.S.C. § 3583(e),

for early termination of his supervised release, which is set to conclude in August 2026.

For the reasons set forth below, Flores' motion is DENIED.

## BACKGROUND

Flores was a member of the Maisonet Organization, which trafficked and

distributed hundreds of kilograms of heroin beginning in the late 1980s.  PSR ¶ 148.  As

part of his affiliation with and occasional leadership of the Maisonet Organization,

Flores planned and executed the murders of a rival drug dealer and a confidential

informant for the Drug Enforcement Agency.  PSR ¶¶ 54, 72.

Flores completed his prison term in August 2023, and is currently serving

his three-year term of supervised release, which will conclude in August 2026.  On

October 24, 2025, Flores filed the instant motion seeking an early termination of his

supervised release.  Dkt No. 642.  The Government opposed the motion by letter filed

November 14, 2025.  Dkt. No. 643.  Flores filed a reply on November 19, 2025.  Dkt. No.

644.  As of the time of this decision, Flores has eight months remaining in his term of

supervised release.

2

**DISCUSSION**

Pursuant to 18 U.S.C. § 3583(e)(1), the court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  Section 3583(e) grants district courts the discretion to discharge or otherwise modify a term of supervised release in light of "new or unforeseen circumstances" not contemplated when such a term was initially imposed.  *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).  This Circuit has held that "[o]ccasionally, changed circumstances," such as "exceptionally good behavior by the defendant[,] . . . will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  *Id.*

Flores has served over two years of his supervised release term, and so I have the discretion to discharge the remainder of his term if it is warranted by his conduct and in the interest of justice.  Flores notes in his motion that since his release, he "has successfully fulfilled every requirement of supervision without incident."  Def. Mot. ¶ 3.  Flores immediately secured a job and has since accepted an even better position, and is considered a valuable employee.  *Id.* ¶ 4.  He married his current wife in January 2023, and now resides with her in Florida.  *Id.* ¶ 5.  In support of his motion, Flores also attaches a letter from his supervisor stating that he hopes to keep Flores

3

employed in his department "for as long as he stays." *Id.* Ex. B.  Flores also cites his Probation Officer's purported statement that "he would not oppose early termination at this time." *Id.* ¶ 3.

Although the Government does not dispute Flores' full compliance with the terms of his supervised release, it opposes his application on the ground that he has not demonstrated any exceptional or changed circumstances sufficient to warrant early termination.  Gov. Opp. at 3.  It also notes that, contrary to Flores' assertion, Flores' Probation Officer did not tell him that he would not oppose a motion for early termination.  *Id.* at 2.  The Government acknowledges, however, that Flores' representation is likely a result of a misunderstanding, rather than an intentional mischaracterization.  *Id.* at n.3.

I have considered Flores' submissions, the circumstances of his conviction, and the relevant § 3553(a) factors, and I am not persuaded that the previously imposed term of three years' supervised release is "too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier,* 104 F.3d at 36.  While Flores is to be commended for what he has accomplished to date, the three-year term of supervised release that I originally imposed was eminently reasonable -- and indeed modest -- for his convictions.  "A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Flores*, No. 99 Cr. 1110-01, 2010 WL 2573385, at *1

(S.D.N.Y. June 28, 2010).  Rather, "full compliance with the terms of supervised release is what is expected of [the defendant]," and does not render those terms too harsh to serve the general goals of punishment.  *United States v. Rasco*, No. 88 Cr. 817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000).  Although Flores' "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."  *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).  And given the serious and dangerous nature of the crimes for which Flores was convicted, I do not find that a modification to his term of supervised release is warranted in light of the § 3553(a) factors.

Although Flores' actions since his release do not amount to an exceptional changed circumstance warranting early termination of supervised release, Flores' conduct since his release -- including securing employment, marrying his wife, and complying with the conditions of his supervised release -- all point to the fact that he has been successfully building his life as a valued employee, family member, and husband.  These observations are undisputed and commendable.  I encourage him to continue this progress for the eight months remaining in his term.  In addition, he is encouraged to speak to his probation officer about the possibility of modifying the conditions to a lower level of supervision.

## CONCLUSION

For the reasons set forth above, Defendant's motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) is **DENIED**.   The Clerk of the Court is respectfully directed to mail a copy of this memorandum and order to Flores at his last known address.

SO ORDERED.

Dated:      New York, New York
            December 16, 2025

s/Denny Chin_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation
